LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856) 663-8200
Attorneys for Plaintiff
By: Jennifer E. Troast, Esq. (    )

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| TERENCE DONNELLY | CIVIL ACTION NO. |
|---|---|
| Plaintiff(s) | |
| v. | |
| EDWARD S. KOLE, DO; KOLE PLASTIC SURGERY CENTER; JOHN DOE, M.D. #1-5; JANE ROE, R.N. #1-5; ABC CORPORATION, #1-5,), | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant(s) | |

Plaintiff, Terence Donnelly, residing at 69 Lakeshore Road East, City of Stockholm, County of Sussex, State of New Jersey, say by way of Complaint:

## PARTIES

1.      Defendant, Edward S. Kole, D.O. (hereinafter "Kole) is was a physician and/or surgeon, duly licensed to practice medicine in the State of Pennsylvania, and was engaged in the practice of this profession at Kole Plastic Surgery Center , with its principal place of business located at 1003 Street Road, City of Southampton, County of Bucks, State of Pennsylvania.

2.      Defendant, Kole Plastic Surgery Center was a professional association, and/or partnership, and/or corporation, and/or hospital, operating in Southampton, Pennsylvania. Defendant Kole Plastic Surgery provided, directly and through its physicians, nurses, agents, employees and other healthcare professionals, medical services to its patients. Defendant Kole Plastic Surgery Center is/was the corporate group under which Defendant Kole operated.

3. Defendant, John Doe, M.D. #1-5 are fictitious names of physicians, surgeons, and/or other medical doctors, duly licensed to practice in the State of Pennsylvania, and was/were engaged in the practice of his/their profession in Southampton, Pennsylvania. The identities of John Doe, M.D.'s #1-5 are not presently known, but they are, or may be liable to plaintiff for negligent medical care.

4. Defendant, Jane Roe, R.N. #1-5 are fictitious names of registered nurses, licensed practical nurses, nurse practitioners, certified registered nurse anesthetists, and/or other health care providers, duly licensed to practice in the State of Pennsylvania, and was/were engaged in the practice of his/their profession in Southampton, Pennsylvania. The identities of Jane Roe, R.N. #1-5 are not presently known but they are or may be liable to plaintiff for medical negligence.

5. Defendant, ABC Corporations #1-5 are fictitious names of professional associations, partnerships, corporations, medical practices, hospitals, or other medical institutions, duly licensed to operate in the State of Pennsylvania, and was/were engaged in the practice of his/their profession in Southampton, Pennsylvania. The identities of ABC Corporations #1-5 are not presently known but they are or may be liable to plaintiff for medical negligence.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a). Defendants have sufficient business contacts in New Jersey and this jurisdiction.

## FACTS COMMON TO ALL COUNTS

8. On December 10, 2008, Plaintiff, Terence Donnelly presented to Defendants Kole and Kole Plastic Surgery Center for a lipodystrophy of his abdomen. After the surgery, Plaintiff was advised that the procedure was successful and that he could recover at home. Plaintiff was then taken back to his hotel room to recover by the Defendant Kole. Defendant Kole drove Plaintiff from his office to Plaintiff's hotel room and left him there

to recover. On or about 8:00 p.m. that night, Plaintiff Terence Donnelly called the surgical center to explain that he was in severe pain. At this time, Defendant Kole recommended that Mr. Donnelly take more pain medication. Plaintiff followed Defendant's directions and took more pain medication. However, after a few hours, Plaintiff was still in severe pain and called an ambulance which took him to Frankford-Torresdale Hospital in Philadelphia, PA. There, he was diagnosed with a small bowel obstruction. Plaintiff underwent a small bowel resection to repair the obstruction. Following the surgery, Plaintiff developed anemia and pneumonia. He remained in the ICU for days, requiring respiratory support and a blood transfusion. Plaintiff remained at Frankford-Torresdale Hospital until his discharge on November 18, 2008.

9. Following the December 10, 2008 liposuction surgery, Defendant Kole breached the standard of care and failed to diagnose the bowel obstruction that was present after Plaintiff's December 10, 2008 liposuction surgery. Defendant Kole deviated by failing to send the Plaintiff, Terence Donnelly, for the appropriate follow up diagnostic testing to investigate the cause of the severe pain Plaintiff experienced post surgery. Defendant Kole further deviated from the accepted standards of medical care in advising Plaintiff Terence Donnelly to take more pain medication, rather than sending him to the hospital.

10. At all times relevant herein Defendant, Kole Plastic Surgery, by and through their agents, ostensible agents, servants, workers, employees and/or other representatives, including Defendant Kole, should have known that Plaintiff Terrence Donnelly had a bowel obstruction. Defendant Kole further failed to thoroughly and appropriately evaluate and appreciate the severity of Plaintiff Terence Donnelly's intra-operative clinical signs and symptoms. Defendant Kole further failed to properly and correctly diagnose Plaintiff's deteriorating condition, and this failure to appropriately and timely diagnose and treat Plaintiff's condition, which caused him to undergo bowel resection surgery and to suffer respiratory difficulties. Defendant Kole specifically failed to appreciate that Plaintiff was showing signs and symptoms suggestive of a bowel obstruction, and Defendant Kole failed to act in a prompt and timely manner to treat this condition, including ordering the appropriate tests and consultations. Defendants each breached the standard of care.

11. At no time relevant herein was the Plaintiff made aware of the aforesaid abnormalities by any of the Defendants herein, or by and through their agents, ostensible agents, servants, workers, employees and/or other representatives. Plaintiff was never instructed to seek additional medical care.

12. Subsequent to the Plaintiff's December 10, 2008 liposuction surgery, the Defendants, Kole and Kole Plastic Surgery Center, by and through their agents, ostensible agents, servants, workers, employees and/or other representatives, knew and/or should have known that the Plaintiff, Terence Donnelly experienced a bowel obstruction during his liposuction surgery. Their failure to diagnose this condition caused Plaintiff Terence Donnelly to need additional surgery and to remain in the in Frankford-Torresdale hospital for ten (10) days, complicated by pneumonia and anemia.

13. At all times relevant herein, the Plaintiff, Terence Donnelly, entrusted his care and treatment and condition to the Defendants, Kole and Kole Plastic Surgery Center, by and through their agents, ostensible agents, servants, workers, employees and/or other representatives. Plaintiff relied on all these Defendants to properly recommend appropriate care and treatment to him.

14. It is believed, and therefore averred that while the Plaintiff, Terence Donnelly, was under the direct care, treatment and supervision of all of the above-named Defendants herein, Plaintiff was carelessly and negligently evaluated, treated, cared for, assisted, attended, monitored, supervised and/or safeguarded, and as a result, he suffered, and continues to suffer from, serious and debilitating injuries, including, but not limited to, reduced life expectancy. It is anticipated that Plaintiff will continue to suffer from these injuries in the future, which will require him to undergo additional surgeries in the future.

15. It is believed, and therefore averred, that the injuries suffered by the Plaintiff, Terrence Donnelly as more fully described and set forth at length herein, was caused solely and exclusively by the negligence and carelessness of the Defendants Kole and Kole Plastic Surgery Center by and through their agents, ostensible agents, servants, workers, employees and/or other representatives.

16. As a direct and proximate result of the aforesaid negligence and carelessness of the

Defendants, as acting aforesaid, by and through their agents, ostensible agents, servant, workers, employees, and/or other representatives, Plaintiff suffered injuries and losses as above referenced, including multiple abdominal hernias.

17. As a direct and proximate result of the negligence and careless failure of the Defendants herein, by and through their agents, ostensible agents, servant, workers, employees, and/or other representatives, as above described, Plaintiff was unable to obtain employment for an extended period of time.

18. As the direct and proper result of the negligence, carelessness, gross negligence and recklessness of defendant, Kole, Plaintiff, Terence Donnelly, in his own right, in his own right, has endured, and will continue to endure great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earnings capacity, and has incurred significant medical bills, both past present.

## COUNT ONE -AS TO DEFENDANT KOLE

19. Plaintiff repeats and incorporates by reference the facts and allegations contained in the preceding paragraphs 1-18 and makes the same a part hereof as if the same were set forth more fully herein.

20. At the time and place aforesaid, Plaintiff Terence Donnelly was not in anyway negligent, and did not in anyway contribute to his own injuries when he underwent said liposuction procedure on December 10, 2008.

21. At the time and place aforesaid, Plaintiff, Terence Donnelly, a patient of Defendant Kole.

22. At the time and place in question, and for some period of time prior thereto, Defendants, including Kole, Kole Plastic Surgery Center, John Doe, M.D. #1-5, Jane Roe, R.N. #1-5, ABC Corporations #1-5, maintained, owned/operated Kole Plastic Surgery Center and Plaintiff obtained medical care and treatment including surgery at this location.

23. Defendant, Kole, was a physician who undertook to diagnose, treat, or otherwise care for Plaintiff Terence Donnelly, in the course of his practice at Kole Plastic Surgery Center on or about December 10, 2008.

24. Defendant, Kole, was a physician who undertook to diagnose, treat, or otherwise care for Plaintiff Donnelly, in the course of his practice at Kole Plastic Surgery Center from approximately November 2008 through December 2008, and at Kole Plastic Surgery Center.

25. Defendant, Kole, undertook the aforesaid care of the Plaintiff Terence Donnelly with the knowledge and intention that Plaintiff would rely on defendant's, opinions, training, experience, and expertise with regard to the medical care rendered to him during the course of that treatment.

26. Defendant, Kole, undertook the aforesaid care of Plaintiff for compensation rendered by Plaintiff, or on behalf of Plaintiff.

27. Defendant, Kole, held himself out to Plaintiff and the public as an expert in medicine, specifically in the specialty of plastic surgery.

28. Defendant, Kole, owed a duty of care to Plaintiff, which duty was breached to Plaintiff's great detriment.

29. The negligence and carelessness of the Defendants herein, including Kole and Kole Surgery Center by and through their agents, ostensible agents, servants, workers, employees and/or other representatives, included but was not limited to, the following:

    a. failed to order or perform the appropriate post-operative imaging for Terrence Donnelly,

    b. failed to perform a proper and thorough physical examination on Terrence Donnelly;

    c. failed to recognize Terence Donnelly's intra-operative condition appropriately and in a timely fashion;

    d. failed to treat Terence Donnelly's intra-operative condition appropriately and in a timely fashion;

    e. failed to order the necessary diagnostic tests of appropriate quality;

f. failed to properly educate, inform, and discuss with Terence Donnelly his available treatment options;

g. failed to observe the standard of care and skill commonly exercised by surgeons in similar cases;

h. failed to order appropriate medication for Terence Donnelly's condition;

i. failed to properly perform the surgical procedure on December 10, 2008 in order to prevent the bowel obstruction;

j. failed to render reasonable professional care under the circumstances;

k. failed to conform to the requisite standards of reasonable professional care;

l. failed to conform to the requisite standards of specialty and/or specialties within which defendant held himself out to the public and/or to the medical community and/or to Terence Donnelly;

m. failed to communicate adequately with other physicians involved in the care and/or evaluation of Terence Donnelly; and

n. failed to obtain proper informed consent.

o. failed to request appropriate consultations once Mr. Donnelly's intra-operative condition deteriorated.

p. failed to recognize the signs and symptoms of a bowel obstruction both during the surgery and in the post operation period.

q. failed to treat bowel obstruction according to standards of care in order to prevent Terence Donnelly's pain and suffering.

r.  improperly diagnosed Terence Donnelly's intra-operative condition, which wrong diagnosis caused Plaintiff permanent injury requiring additional surgery and hospitalization.

30. As the direct and proximate result of the negligence, carelessness, gross negligence and recklessness of defendant, Kole Plastic Surgery Center, Plaintiff, Terence Donnelly, has endured, and will continue to endure, great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earning capacity, and has incurred significant medical bills.

WHEREFORE, Plaintiff, Terence Donnelly, demands judgment against defendant, Kole, jointly and severally, as well as costs of suit, and other such relief as is just and proper.

## COUNT TWO- AS TO KOLE PLASTIC SURGERY CENTER

31. Plaintiff repeats and incorporates by reference the allegation contained in the preceding paragraphs 1-30, and makes the same a part hereof as if the same were set forth more fully herein.

32. Defendant, Kole Plastic Surgery Center, was a hospital and/or professional association, and/or partnership, and/or corporation, and/or other business entity, or medical institution, duly licensed and operating in the Commonwealth of Pennsylvania.

33. Defendant, Kole Plastic Surgery Center, was negligent, careless, reckless, and grossly negligent through its employees, servants, and/or agents, in the medical care and treatment it rendered through the aforementioned individuals to Plaintiff Terence Donelly.

34. Defendant, Kole Plastic Surgery Center, was negligent, careless, reckless, and grossly negligent in the training, staffing, hiring, firing, and supervision of its employees, servants and agents.

36. Defendant, Kole Plastic Surgery Center, owed a duty of care to Plaintiff, which duty was breached to the Plaintiff's great detriment.

37. Plaintiff invokes the doctrines of <u>Respondeat Superior</u>, <u>Ostensible Agency</u>, and <u>Res Ipsa Loquitor</u>.

38. As the direct and proximate result of the negligence, carelessness, gross negligence and recklessness of defendant, Kole Plastic Surgery Center, Plaintiff, Terence Donnelly, has endured, and will continue to endure, great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earning capacity, and has incurred significant medical bills.

WHEREFORE, Plaintiff, Terence Donnelly, demands judgment against the defendant, Kile Plastic Surgery Center, jointly and severally, including costs of suit and other such relief as is just and proper.

### COUNT THREE -JOHN DOE, M.D. #1-5

39. Plaintiff, Terence Donnelly, repeats the allegations of paragraphs 1-38, inclusive, as if same were set forth in more detail herein.

40. Defendant, John Doe, M.D. #1-5, was/were physicians, and/or surgeons, and/or anesthesiologists, and/or other medical health providers, who undertook to diagnose, treat, and otherwise care for Terence Donnelly, from November 2008 through December 2008. John Doe, M.D. #1-5 provided preoperative evaluation and treatment, intra-operative monitoring, surgical care and post operative monitoring and treatment to Terence Donnelly. Despite diligent effort, the true identities of John Doe, M.D. # 1-5 cannot be ascertained from the medical records.

41. Defendant, John Doe, M.D. #1-5, undertook the aforesaid care of Terence Donnelly, with the knowledge and intention that Plaintiff would rely on defendant's opinions, training, experience and expertise with regard to the surgical and other medical care rendered to her during the course of his treatment.

42. Defendant, John Doe, M.D. #1-5, held himself/themselves out to Plaintiff, and the public, as an expert in medicine.

43. Defendant, John Doe, M.D. #1-5, was/were not, and are not a state employee, nor is he/they entitled to Tort Claims Act immunity or other immunity from liability.

44. Defendant, John Doe, M.D. #1-5, owed a duty care to Plaintiff, which duty was breached to Plaintiff's great detriment.

45. Plaintiff invokes the doctrines of <u>Respondeat Superior</u>, <u>Ostensible Agency</u>, and <u>Res Ipsa Loquitor</u>.

46. As the direct and proximate result of the negligence, carelessness, gross negligence and recklessness of defendant, John Doe, M.D. #1-5, Plaintiff, Terence Donnelly, has endured, and will continue endure, great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings, and earning capacity, and has incurred medical significant bills.

WHEREFORE, Plaintiff, Terence Donnelly, in his own right, demands judgment against the Defendant, John Doe, M.D. #1-5, jointly and severally, including costs of suit and other such relief as is just and proper.

### COUNT FOUR - JANE ROE, R.N. #1-5

47. Plaintiff, Terrence Donnelly, in his own right, repeats the allegations of paragraphs 1-46, inclusive, as if same were set forth in more detail herein.

48. Defendant, Jane Roe, R.N. #1-5, was/were registered nurses, and/or certified nurse anesthetists, and/or licensed practical nurses, and/or nurse practitioners, and/or other nursing healthcare providers, who undertook to diagnose, treat, and otherwise care for Plaintiff from November 2008 through December 2008. Jane Roe, R.N. # 1-5 provided preoperative evaluation and treatment, intra-operative monitoring and post operative monitoring and treatment. Despite diligent effort, the true identities of Jane Roe, R.N. # 1-5 cannot be ascertained from the medical records.

49. Defendant, Jane Roe, R.N. #1-5, undertook the aforesaid care of Terence Donnelly, with the knowledge and intention that Plaintiff would reply on defendant's, opinions, training, experience, and expertise with regard to the nursing care rendered to her during the course of her care and treatment. Jane Roe, R.N. #1-5 provided pre-operative nursing care and evaluation, provided intra-operative nursing care during Plaintiff's surgery and otherwise cared for Terence Donnelly during his preceding treatment and liposuction surgery on December 10, 2008.

50. Defendant, Jane Roe, R.N. #1-5, held herself/themselves out to Plaintiff, Terrence Donnelly and the public, as an expert in the area of nursing.

51. Defendant, Jane Roe, R.N. #1-5, was/were not, and is not a state employee, nor is he/she entitled to Tort Claims Act immunity or other immunity from liability.

52. Defendant, Jane Roe, R.N. #1-5, owed a duty care to Plaintiff, which duty was breached to Plaintiff's great detriment.

53. Plaintiff invokes the doctrines of <u>Respondeat Superior</u>, <u>Ostensible Agency</u>, and <u>Res Ipsa Loquitor</u>.

54. As the direct and proximate result of the negligence, carelessness, gross negligence and recklessness of defendant, Jane Roes, R.N. #1-5, Plaintiff, Terence Donnelly, has endured, and will continue endure, great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings, and earning capacity, and has incurred significant medical bills.

WHEREFORE, Plaintiff, Terence Donnelly, demands judgment against the Defendant, Jane Roe, R.N. #1-5, jointly and severally, including costs of suit and other such relief as is just and proper.

## COUNT FIVE - ABC CORPORATIONS #1-5

55 Plaintiff Terence Donnelly, repeats the allegations of paragraphs 1-54, inclusive, as if same were set forth in more detail herein.

56. Defendant, ABC Corporation #1-5, was/were a professional association, and/or partnership, and/or corporation, and/or hospital, and/or other duly licensed medical facility, licensed and operating in the Commonwealth of Pennsylvania.

57. Defendant, ABC Corporation #1-5, was/were negligent, careless, reckless, and grossly negligent, through its employees, servants, and agents in the medical care and treatment that it provided to Plaintiff Terrence Donnelly, through the aforementioned individuals, whether those individual's identities can be

ascertained at the current time. ABC Corporation #1-5 employed or otherwise shared vicarious liability for the individual defendants in this matter.

58. Defendant, ABC Corporation #1-5, was/were negligent, careless, reckless, and grossly negligent, in the training, staffing, hiring, firing, supervision of its employees, servants, and agents.

59. Defendant, ABC Corporation #1-5, owed a duty care to Plaintiff, which duty of care was breached to Plaintiff's great detriment.

60. Plaintiff invokes the doctrines of <u>Respondeat Superior</u>, <u>Ostensible Agency</u>, and <u>Res Ipsa Loquitor</u>.

61. As the direct and proximate result of the negligence, carelessness, recklessness, and gross negligence of Defendant, ABC Corporation #1-5, Plaintiff, Terence Donnelly, has endured, and will continue endure, great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings, and earning capacity, and has incurred significant medical bills.

WHEREFORE, Plaintiff, Terence Donnelly, demands judgment against the Defendant, ABC Corporation #1-5, jointly and severally, including costs of suit and other such relief as is just and proper.

## COUNT SIX- AS TO ALL DEFENDANTS

62. Plaintiff repeats and incorporates by reference the allegation contained in the preceding paragraphs 1-61, and makes the same a part hereof as if the same were set forth more fully herein.

63. Plaintiff's injuries were proximately caused solely and wholly by the negligence of the defendants as aforesaid in failure to properly diagnose and treat Plaintiff's injuries.

64. By reason of the Defendants' negligence, gross negligence, carelessness and/or recklessness, as aforesaid, Plaintiff was caused to suffer and sustain serious, permanent and painful bodily injuries, including a bowel obstruction, hernia, additional surgeries, pain and suffering all to Plaintiff's great detriment.

65. As a direct and proximate result of the conduct and/or omissions of the Defendants aforesaid, Plaintiff Terence Donnelly suffered great physical pain and mental anguish, all of which constitute permanent bodily and psychological injuries.

66. As a direct and proximate result of the conduct and/or omission of the Defendants as aforesaid, Plaintiff Terence Donnelly has been obligated to spend various sums of money to treat his injuries, Plaintiff's enjoyment of life was and will continue to be impaired and Plaintiff suffered and will continue to suffer economic loss.

WHEREFORE Plaintiff Terence Donnelly demands judgment against the Defendants Kole, Kole Plastic Surgery Center, John Doe M.D. #1-5, Jane Roe R.N. #1-5 and ABC Corporation #1-5 individually, jointly, and severally for compensatory damages, together with interest, costs of suits, attorney's fees, and all such other and further relief that the Court deems just.

## JURY DEMAND

Plaintiffs hereby demands a jury to resolve all disputes herein set forth on all issues so triable.

LOCKS LAW FIRM, LLC

Dated: 2/26/10

By: _____
Jennifer E. Troast, Esquire

LOCKS LAW FIRM LLC • ATTORNEYS AT LAW
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002