## UNITED STATES DISTRICT COURT
District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge
———
(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION
LETTER ORDER
ORIGINAL ON FILE WITH CLERK OF COURT

July 21, 2010

Kyle N. Thompson, Esq.
Kilcoyne & Nesbitt LLC
630 West Germantown Pike
Suite 121
Plymouth Meeting, PA 19462

Jennifer E. Troast, Esq.
Locks Law Firm
457 Haddonfield Road
Suite 500
Cherry Hill, NJ 08002

Re:  **Donnelly v. Kole**
     **Docket No. 2:10-cv-01702 (WHW)**

Dear Counsel,

The Court has received defendants' motion to dismiss dated April 30, 2010. For the reasons discussed below, the motion is granted.

On February 26, 2010, plaintiff Terence Donnelly sued defendants Dr. Edward S. Kole, Kole Plastic Surgery Center, and unnamed doctors and registered nurses employed by the Kole Plastic Surgery Center. Plaintiff, a resident of Stockholm, New Jersey, alleges medical malpractice. He claims that on December 10, 2008, defendants performed a liposuction procedure on him at Kole Plastic Surgery Center in Southampton, Pennsylvania. (Compl. ¶ 8.) Following the procedure, he was driven to a hotel and some hours later experienced severe pain.

1

## UNITED STATES DISTRICT COURT
District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge
―――――
(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

(Id.)  After several communications between plaintiff and defendant Dr. Kole, during which Dr. Kole recommended more pain medication to no effect, plaintiff was taken to a Philadelphia hospital and diagnosed with a small bowel obstruction which required surgical resection. Following the operation, plaintiff developed anemia and pneumonia and he remained at the hospital until November 18, 2008.  (Compl. ¶¶ 8–9.)  Plaintiff alleges, *inter alia*, that defendants were negligent and breached the standard of care by "fail[ing] to recognize the signs and symptoms of a bowel obstruction both during the surgery and in the post operation period." (Compl. ¶ 29(p).)  Defendants move under Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction.  Plaintiff did not respond.

It is the burden of the plaintiff to prove jurisdictional facts, such as whether a defendant has purposefully availed himself of a forum state.  See Patterson v. FBI, 893 F.2d 595, 603–04 (3d Cir. 1990); Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).  Where defendants move to dismiss for lack of personal jurisdiction, the court must accept plaintiff's allegations in the complaint as true, and should construe facts in plaintiff's favor.  Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330–31 (3d Cir. 2009); Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Despite this, "[a]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. . . . Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." Stranahan Gear Co. v. NL Indus., 800 F.2d 53, 58 (3d Cir. 1998) (quoting Time Share Vacation Club, 735 F.2d at 66 n.9); see also id.

**UNITED STATES DISTRICT COURT**
District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

("Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.").

Pursuant to Federal Rule of Civil Procedure 4(e), "district courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits." Sunbelt Corp. v. Noble, Denton & Assocs., 5 F.3d 28, 31 (3d Cir. 1993). New Jersey's long-arm statute provides for personal jurisdiction to the extent permitted by the Fourteenth Amendment to the United States Constitution. See N.J. Ct. R. 4:4-4; Shushan, 954 F.2d 141 at 145; DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981). A federal district court in New Jersey can exercise jurisdiction over the defendants "only if [plaintiff] can demonstrate that [defendants'] contacts with New Jersey are sufficient to satisfy the Due Process Clause of the United States Constitution." Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 1990); see Avdel Corp. v. Mecure, 277 A.2d 207, 209 (N.J. 1971) (acknowledging that New Jersey courts consider federal constitutional law in ascertaining the limits on personal jurisdiction).

Where a long-arm statute authorizes jurisdiction to the constitutional limit, the determination that an exercise of personal jurisdiction comports with due process turns on the question of "whether the defendant purposefully established 'minimum contacts' in the forum State." Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 108–09 (1987) (citations omitted); see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316–19 (1945).

# UNITED STATES DISTRICT COURT
## District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Plaintiff here has presented no basis for a finding of personal jurisdiction, offering only the conclusory remark that "[d]efendants have sufficient business contacts in New Jersey and this jurisdiction." (Compl. ¶ 7.) Plaintiff, in short, presents the Court with no facts to support a finding that this Court has personal jurisdiction over defendants.

    All of the events described in the complaint transpired in Pennsylvania. (Compl. ¶ 8.) All injuries complained of were inflicted in Pennsylvania. (See id. ¶¶ 8, 29.) Defendants' principal place of business is located in Pennsylvania, and defendants are licensed in Pennsylvania. (See id. at ¶¶ 1–5.) The complaint neither speaks to the location of defendants' personal residences, nor identifies any specific or ongoing contacts that defendants had with New Jersey.

    The only connection the alleged events have with New Jersey is that plaintiff presumably traveled from New Jersey into Pennsylvania for the surgical operation. Such does not suffice, because the Supreme Court has observed that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Moreover, plaintiff does not claim that defendants consented to personal jurisdiction through voluntary appearance, and defendants have not consented to litigation in New Jersey. (Defs.' Mot. to Dismiss ¶ 13.)

    Because plaintiff has not established that defendants had minimum contacts with New Jersey, and no other basis for the exercise of personal jurisdiction is presented, the defendants' motion to dismiss is granted.

**UNITED STATES DISTRICT COURT**

District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

## CONCLUSION

For the foregoing reasons, it is on this 21st day of July, 2010,

ORDERED that defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

Yours truly,

**s/ William H. Walls**
United States Senior District Judge

cc:   All Counsel of Record (via CM/ECF)